United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sydney A. Smith, Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 18-24169-Civ-Scola |
| | ) |
| North Miami Police Department, et al., Respondents. | ) |

**<u>Order Overruling Objection to Magistrate Judge's Report And Recommendation and Denying Motion for Leave to Amend Complaint</u>**

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. The Petitioner seeks damages under 28 U.S.C. § 1983, claiming he was unconstitutionally deprived of certain personal property seized during his arrest in 2011 and later forfeited through civil proceedings in January 2012.

On October 17, 2018, Judge White issued a report, recommending, upon initial screening in accordance with 28 U.S.C. § 1915, that the Petitioner's claim was time-barred and that the case should be dismissed. (Report of Magistrate, ECF No. 7.) Specifically, Judge White determined that a four year statute of limitations applied to the Petitioner's claim, which accrued on January 5, 2012—six years and nine months before this action was filed. (*Id.* at pp. 6-8.) No objection to the report was docketed as of November 13, 2018, and the Court adopted the Magistrate Judge's report in full and dismissed this case on that date. (ECF No. 8.) The next day, November 14, 2018, an objection by the Petitioner dated October 29, 2018, was entered on the docket. (the "Objection," ECF No. 9.) Mindful that the Petitioner is incarcerated, the Court will treat the Objection as timely.

In the Objection, the Petitioner does not take issue with applying a four-year limitations period to his claim. Nor does he object to the finding that his claim accrued on January 5, 2012. Rather, the Petitioner argues that the doctrine of equitable tolling applies and spares his claim from dismissal due to his continued attempts to acquire information about the underlying forfeiture proceeding. To support this argument, the Petitioner attaches as exhibits to the Objection a number of public records requests and related communications with state and county agencies. (ECF No. 9 at Ex. A.) The exhibits to the Objection do not establish that the Petitioner diligently pursued information

about the subject forfeiture proceeding prior to January 5, 2016, the date the statute of limitations ran—they suggest the opposite.[1] (*See* ECF No. 9 at pp. 13-26 (collecting records requests and related correspondence with dates ranging from December 1, 2016 to July 9, 2018)). As a result, the Petitioner has not shown that "extraordinary circumstances" both "beyond his control and unavoidable even with diligence" resulted in his filing the instant complaint two years and nine months untimely. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("[Federal courts] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."). The Court therefore finds that the Petitioner is not entitled to equitable tolling, and **overrules** his objection. (ECF No. 9.)

Finally, although the Petitioner seeks leave to amend his complaint, the Court finds, as Judge White did in his report, that any amendments would be futile in light of the finding that the Petitioner's complaint is facially time-barred. (ECF No. 7 at p. 7.) Thus, the request for leave to amend (ECF No. 10) is **denied**.

**Done and ordered**, at Miami, Florida, on November 14, 2018.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy to:*
Sydney A. Smith M02504
Moore Haven Correctional Facility
Inmate Mail/Parcels
Post Office Box 719001
Moore Haven, FL 33471

---

[1] The Court notes that the Petitioner attached a letter from an assistant public defender dated April 8, 2013, which indicates that the public defender could not assist the Petitioner in locating information about the forfeiture proceeding. (ECF No. 9 at p. 12.) Without more, this does not establish that the Petitioner diligently pursued information about the forfeiture proceeding during the limitations period.